# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49774

JOSHUA STROUD,

     Petitioner-Appellant,

v.

JENNIFER STANGER, fka JENNIFER CASWELL,

     Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 28, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Brent Ferguson, Magistrate.

Second Judgment of Modification and Supplemental Custody Order, <u>vacated</u>, and <u>case remanded</u>.

Sasser & Jacobson, PLLC; Michael B. Steele, Boise, for appellant.

Law Office of Wendy M. Powell, PLLC; Wendy M. Powell, Meridian, for respondent.

---

HUSKEY, Judge

Joshua Stroud (Father) appeals from the magistrate court's second judgment of modification. Father argues the magistrate court erred because it did not make certain factual findings, improperly weighed evidence, made erroneous findings, and did not sufficiently consider the impact of the supplemental custody order as required under *Weaver v. Weaver*, 170 Idaho 72, 507 P.3d 1102 (2022). We reject Father's requests that this Court make additional factual findings and re-weigh the evidence. However, two of the magistrate court's challenged findings are not supported by substantial and competent evidence. Further, the magistrate court did not provide sufficient analysis of how its modified custody order would impact the interaction and interrelationship of the children with Father. Accordingly, we vacate the magistrate court's supplemental custody order and second judgment of modification and remand for proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and Stroud (Mother) have two children together, H.S. and F.S. After a child protection case was filed against Mother and her now-husband, the children were placed in Father's care in 2016. Since then, the children have resided primarily in Father's physical custody. A child custody order was entered in 2019, granting Father and Mother shared legal and physical custody, with Father having primary physical custody of the children at his home in Idaho and Mother exercising visitation at her home in Oregon.

In 2021, Mother petitioned to modify the 2019 child custody order. Although Mother requested the parties continue to share joint legal and physical custody of the children, she moved for primary physical custody, changes in the visitation schedule, and corresponding updates to the ordered child support. Father opposed Mother's motion for modification. The matter proceeded to trial, at which the parties and their spouses testified.

After the trial, the magistrate court issued its findings of fact and conclusions of law. The magistrate court found that Mother's sobriety, stability, and consistent visitation with the children since the original child custody order was entered in 2019 constituted a material, substantial, and permanent change of circumstances that would allow the court to modify the existing custody order. The magistrate court then found that Father demonstrated a pattern of not caring for the children's needs and an unwillingness to effectively co-parent with Mother. Specifically, the magistrate court found Father did not adequately care for the children's needs because he did not effectively treat the children's head lice outbreaks or properly address F.S.'s impaired vision. The magistrate court also concluded Father did not cooperate with the co-parenting relationship requirement and custody order by occasionally withholding visitation and impeding Mother's ability to communicate with the children's school and counseling provider.

In contrast, the magistrate court found that in the approximately five years since the child protection case, Mother had established the stability and ability to provide for the children; demonstrated an acute awareness of the children's medical, emotional, and developmental needs; and had taken affirmative steps to have a healthy co-parenting relationship with Father. Further, the magistrate court found that the children wished to reside primarily with Mother. Ultimately, the magistrate court found that while the children were well bonded with both parents, well-adjusted to their current school and medical and counseling providers in Idaho, and enjoyed a deep

connection to the small, rural community in which their Father lived, it is in the children's best interests to grant Mother primary physical custody. The magistrate court entered a supplemental custody order, encompassing a modified custody schedule and child support order, and a second judgment of modification. Father filed a motion seeking a permissive appeal to the Idaho Supreme Court, which the magistrate court granted.[1] Father appeals.

## II.

## STANDARD OF REVIEW

For a permissive appeal of a custody issue under Idaho Appellate Rule 12.1, this Court reviews the magistrate court's decision without the benefit of a district court appellate decision. *Weaver*, 170 Idaho at 74, 507 P.3d at 1104. A magistrate court may modify child custody only when a material, substantial, and permanent change of circumstances indicates that modification is in the best interests of the child. *Woods v. Woods*, 163 Idaho 904, 906, 422 P.3d 1110, 1112 (2018). A magistrate court's child custody decision will be affirmed if supported by substantial and competent evidence, even where conflicting evidence has been presented. *Boe v. Boe*, 163 Idaho 922, 929, 422 P.3d 1128, 1135 (2018).

The decision to modify child custody falls within the trial court's sound discretion and, in the absence of a clear abuse of discretion, we will not substitute our judgment and discretion for that of the trial court. *Woods*, 163 Idaho at 906-07; 422 P.3d at 1112-13. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

---

[1] Idaho Appellate Rule 12.1 provides, in part, that a party may move the magistrate court for permission to seek an immediate appeal to the Idaho Supreme Court from a final judgment, as defined in Idaho Rule of Family Law Procedure 802, or an order entered after final judgment, involving the custody of a minor, whenever the best interests of a child would be served by such an immediate appeal. However, "[t]he motion must be made within fourteen (14) days from the date evidenced by the filing stamp of the clerk on the final judgment or order the party seeks to appeal." I.A.R. 12.1(a).

Here, the magistrate court entered its second judgment of modification on April 27, 2022, and Father filed a motion for permissive appeal fifteen days later, on May 12, 2022. Mother objected and argued that Father's motion was not timely. The magistrate court nevertheless granted the permissive appeal. The Idaho Supreme Court conditionally dismissed the appeal based on the untimely motion for permissive appeal. The Court later rescinded the conditional dismissal, reinstated the appeal, and ordered the case to proceed as an expedited case.

to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Father does not challenge the magistrate court's finding that a material, substantial, and permanent change of circumstances existed to allow for consideration of a modification to the 2019 custody order. However, Father alleges the magistrate court erred in finding that it would be in the best interests of the children to reside primarily with Mother because this resulted in the relocation of the children from their Father's home in Idaho to their Mother's home in Oregon. In support of this argument, Father contends that the magistrate court erred by not making certain factual findings, in improperly weighing the evidence, and in making erroneous factual findings. Finally, Father alleges the magistrate court abused its discretion in entering the modified custody schedule because the court did not assess the effect of the changed custody order on the children's best interests as required by the Idaho Supreme Court's decision in *Weaver*. Father requests costs on appeal. In response, Mother alleges that the magistrate court did not err and also requests costs on appeal.

Modification of child custody may be ordered only when there has been a material, substantial, and permanent change of circumstances indicating to the magistrate court's satisfaction that a modification would be in the best interests of the child. *Woods*, 163 Idaho at 906, 422 P.3d at 1112. Idaho Code § 32-717 gives a judge wide discretion regarding custody decisions, subject to some restrictions, with the children's best interests being of paramount importance. The statute provides that a trial court reaching a custody decision "shall consider all relevant factors" including, but not limited to:

(a) The wishes of the child's parent or parents as to his or her custody;
(b) The wishes of the child as to his or her custodian;
(c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
(d) The child's adjustment to his or her home, school, and community;
(e) The character and circumstances of all individuals involved;
(f) The need to promote continuity and stability in the life of the child; and
(g) Domestic violence . . . whether or not in the presence of the child.

I.C. § 32-717(1). These factors are neither mandatory nor exclusive, *Reed v. Reed*, 160 Idaho 772, 777, 379 P.3d 1042, 1047 (2016), and the trial judge has wide discretion when weighing these and other relevant factors. *King v. King*, 137 Idaho 438, 444, 50 P.3d 453, 459 (2002).

4

Given the statutory directive that the trial court "shall consider all relevant factors," a trial court abuses its discretion if it fails to give appropriate consideration to relevant factors. *Weaver*, 170 Idaho at 75, 507 P.3d at 1105. A trial court also abuses its discretion when its findings are clearly erroneous such that the court's findings are not based on substantial and competent evidence, *Schneider v. Schneider*, 151 Idaho 415, 420, 258 P.3d 350, 355 (2011), or when the evidence is insufficient to support the court's conclusion that the interests and welfare of the children would be best served by the court's order. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007).

Unless a parent is a habitual perpetrator of domestic violence, there is a presumption that joint custody is in the best interests of a child. *Weaver*, 170 Idaho at 75, 507 P.3d at 1105. Joint physical custody does not mean that each parent is entitled to receive an equal amount of time with the children; instead a joint physical custody order should afford each parent "significant periods of time in which a child resides with or is under the care and supervision of each of the parents or parties." I.C. § 32-717B(2); *see Weaver*, 170 Idaho at 75-76, 507 P.3d at 1105-06.

A.      **Father Did Not Preserve His Challenge to the Magistrate Court's Lack of Specific Factual Findings in Its Custody Decision**

Father argues the magistrate court's factual findings were incomplete because the court did not address various pieces of testimony presented at trial. Specifically, Father alleges that despite the evidence he presented during the trial, the magistrate court failed to make factual findings concerning the traumatic effects on the children from the 2016 child protection case, the children's expressed desire to have visitation when Mother moved to Idaho from her home in Oregon, Mother's failure to be adequately involved in the children's education and counseling, and the detrimental impact that a switch in schools would have on the children's educational development and counseling progress.

With respect to its factual findings, the trial court is not required to provide a lengthy discussion on every piece of evidence and every specific factual issue involved in the case. *Browning v. Ringel*, 134 Idaho 6, 14, 995 P.2d 351, 359 (2000). "As a rule, the trial judge is not required to recite every piece of evidence and either adopt it or reject it, or to sort through and discuss the testimony of each witness." *Id.* (quoting Moore's Federal Practice 3d, § 52.15[2][b]). Therefore, the fact that a party sincerely contended for a position does not mandate that the trial court must make a finding on that position. *Browning*, 134 Idaho at 14, 995 P.2d at 359. Although a factual finding may be of great concern for a particular party in a custody proceeding, a trial

court may determine that it holds little significance. *See King*, 137 Idaho at 444, 50 P.3d at 459 (holding magistrate court did not abuse discretion in failing to weigh husband's mental illness against awarding him primary physical custody of parties' child in divorce action where substantial and competent evidence in record indicated husband's mental illness did not affect his parenting ability).

If a party is concerned about the lack of specific factual findings, the Idaho Rules of Family Law Procedure provide an avenue for a party to request the trial court amend or make additional factual findings by filing a motion no later than fourteen days after entry of the judgment. I.R.F.L.P. 801(b). Although the sufficiency of the evidence to support the findings may be raised on appeal without raising the issue with the trial court, "[n]o party may assign as error the lack of findings unless the party raised such issue to the court by an appropriate motion." I.R.F.L.P. 801(c).

Here, although a trial court is not required to make factual findings related to every piece of testimony presented at trial, Father alleges the magistrate court erred by not making specific findings related to evidence he presented. However, Father never filed a motion with the magistrate court requesting it amend or make additional findings pursuant to I.R.F.L.P. 801. Therefore, this issue is not preserved for appellate review and we will not consider it further. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding that, generally, issues not raised below may not be considered for first time on appeal).

**B.** **Father's Challenges to the Magistrate Court's Weighing of Evidence Will Not Be Considered**

Father makes several challenges to the magistrate court's weighing of evidence, including assertions that the court "failed to adequately consider" certain factors and "applied inappropriate weight" to others. A trial court generally has broad discretion in its deliberations and a unique ability to accurately weigh the evidence, judge the demeanor of witnesses, and use its superior view of the entire situation to make its decision. *Doe v. Doe*, 148 Idaho 243, 246, 220 P.3d 1062, 1065 (2009). As such, we do not reweigh the evidence presented to the trial court on appeal. *Id.* Accordingly, to the extent Father asks that we reweigh the evidence presented during the modification trial, we decline to do so.

**C.** **Some of the Magistrate Court's Factual Findings Are Not Supported by Substantial and Competent Evidence**

Father alleges the magistrate court erred in finding that the children want to reside primarily with Mother, Father knew of Mother's difficulties communicating with the children's school and counseling provider and did nothing to remedy the situation, and Mother is "acutely aware" of the children's medical, emotional, developmental, and educational needs.[2] We will address each challenged finding in turn.

1. **The magistrate court's finding that the children want to reside primarily with mother is supported by substantial and competent, albeit conflicting, evidence**

The magistrate court found that despite being attached to both parents, the children wish to reside primarily with Mother and the court "cannot ignore" these wishes. Although Father acknowledges that Mother and Mother's husband both testified that the children expressed a desire to live with Mother, he argues the magistrate court's finding that the children wish to live with Mother is erroneous in light of the evidence presented from the children's counselor that the children expressed fear of Mother's husband and desired for Mother to exercise her visitation time in Idaho, instead of at her home in Oregon.

The trial court has great discretion to weigh the strength and the credibility of evidence to make its factual findings. *Stewart v. Stewart*, 143 Idaho 673, 678, 152 P.3d 544, 550 (2007). Therefore, as previously articulated, a magistrate court's decision will be affirmed if supported by substantial and competent evidence, even where conflicting evidence has been presented. *Boe*, 163 Idaho at 929, 422 P.3d at 1135. On appeal, this Court liberally construes the trial court's credibility findings because the trial court's province is to determine the witnesses' credibility, the weight to be given their testimony, and the inferences to be drawn from the evidence. *Voss v. Voss*, 169 Idaho 518, 527, 497 P.3d 1138, 1147 (Ct. App. 2021).

There was conflicting evidence presented at the modification trial regarding the children's wishes to reside with Mother. Mother testified that the children cry and express that they do not want to leave her house at the end of her visitation time and have stated that they wish to reside

---

[2] Although Father argues the magistrate court erred in its findings, he does not argue that the findings are not supported by substantial and competent evidence. Instead, Father repeatedly argues the magistrate court afforded either too much or too little weight to certain pieces of evidence. As noted above, any argument regarding factual findings, excluding a sufficiency of the evidence claim, has been waived by Father's failure to file a motion pursuant to Idaho Rule of Family Law Procedure 801. Moreover, this Court declines to re-weigh the evidence considered by the magistrate court. *Doe v. Doe*, 148 Idaho 243, 246, 220 P.3d 1062, 1065 (2009). However, to the extent that Father is arguing certain findings by the magistrate court are not supported by substantial and competent evidence, we will address the challenged findings.

primarily with her and see their Father on weekends. Similarly, Mother's husband testified that the children wish to live primarily with Mother and cry when they have to leave her home. Evidence of text messages between one of the children and Mother's husband were admitted and indicated a loving relationship between the two. However, Father testified that the children had never expressed to him that they are uncomfortable living primarily with him or that they wish to live primarily with someone else. Further, Father admitted a letter from the children's counselor, written in February 2021, which stated one of the children had disclosed she is afraid of Mother's husband and Mother told her not to disclose what is happening in Mother's home, and both children expressed they would feel more safe if Mother's visitations were moved to Idaho. In this letter, the children's counselor recommended that the children's visitations at Mother's home in Oregon be suspended.

Although the magistrate court did not make express credibility determinations, it found the children wish to live with Mother and, as such, implicitly found the testimony presented was more credible than a letter, written a year earlier, from the children's counselor. We will not disturb this credibility finding on appeal. *See City of Meridian v. Petra, Inc.*, 154 Idaho 425, 444, 299 P.3d 232, 251 (2013) (holding appellate court may consider whether trial court made implicit factual findings). Ultimately, the magistrate court weighed the evidence presented and found the children were bonded to both parents, but nonetheless expressed a desire to reside with Mother. That finding is supported by both Mother and Mother's husband's testimony and is not contradicted by Father's testimony. Accordingly, the magistrate court's finding that the children wish to reside primarily with Mother is supported by substantial and competent evidence.

2.    **The magistrate court's finding that father knew of mother's communication difficulties with the children's school is not supported by substantial and competent evidence**

The magistrate court found that Father provided a copy of a protection order against Mother to the children's school and, despite it no longer being valid, the school will not provide information to Mother. The magistrate court found that Father "knows about this issue and fails to remedy the situation." Then, the magistrate court applied this factual finding against Father when making its custody determination, finding that Father

> neglected to take steps to keep [Mother] informed of the children's needs, treatment and development. He previously provided an Ex-Parte Protection Order to the children's school.[] The Protection Order expired quite some time ago but the school continues to refuse to provide information to [Mother] regarding the

8

children's education. [Father] knows about the problem and has taken no steps to remedy the situation.

The magistrate court found this behavior "weigh[ed] against [Father's] continued award of primary physical custody." The magistrate court's finding that Father knew of Mother's communication difficulties with the children's school is not supported by substantial and competent evidence.

Mother testified that she had contacted the school multiple times but the school would not communicate with her because the school had a court-ordered protection order on file. Mother testified that Father had submitted the protection order to the school "years ago" and, although she has explained to the school that the order was dismissed, the school told her that they did not have evidence of its dismissal. Mother testified that she sent the school the order showing the protection order had been dismissed, but this had not resolved the issue because the school required the order to be presented in person. Mother testified she was unable to present the order in person as she lived six hours away from the school and worked during the times the school is open. Mother did not testify that Father was aware she had difficulty communicating with the school.

Father admitted that at one point he told the children's school that there was a temporary protection order in place that prevented Mother from being able to remove the children from school. But, he explained that because the order had an expiration date on it, he did not know he also had a duty to tell the school when it expired. Father further testified that he also provided the school a copy of the custody order that stated he shared joint legal custody of the children with Mother and he never told the school it could not communicate with her or provide her with information about the children's education.

In light of the evidence presented, the magistrate court's finding that Father knew about Mother's issues communicating with the children's school is not supported by substantial and competent evidence because there was no evidence that Father knew the school would not communicate with Mother.

### 3. The magistrate court's finding that father knew of mother's communication difficulties with the children's counseling providers is not supported by substantial and competent evidence

The magistrate court found that "the children's counselors will not provide information to [Mother], despite her requests to be given information. [Father] knows about the situation and refused to instruct the treatment provider to provide information to [Mother]." The magistrate court applied this factual finding against Father when making its custody determination, finding

9

"the children's counselors have not been willing to provide information to [Mother]. [Father] knows about this issue as well and has not taken steps to fix the problem" and this "weigh[ed] against [Father's] continued award of primary physical custody." The magistrate court's finding that Father knew of Mother's communication difficulties with the children's counseling provider is not supported by substantial and competent evidence.

Mother testified that she was aware of where the children were currently receiving counseling, but when she reached out to them to discuss the children's therapy, the provider refused to talk with her because it did not have a release of information signed by Father. However, Mother also testified that she did not have contact information for the children's current counseling provider and, even if she did, the provider would not release any information about the children's therapy to her without a release of information signed by Father. Mother did not testify that she told Father that a release of information was required from him or that she was having difficulties communicating with the children's counseling provider.

Father testified that neither he nor his wife told the children's counseling provider not to communicate with Mother and, in fact, he listed Mother as the children's mother on their counseling paperwork, encouraged the counselors to reach out to Mother, and believed they had her contact information. He further testified that Mother never told him that she was having difficulties communicating with the children's counseling provider.

Thus, while there was evidence that Father did not sign a release of information for the children's counseling provider, there is no evidence that Father was asked to sign a release of information, was otherwise aware of the release of information issue, or knew of Mother's communication difficulties. Moreover, the evidence that Father listed Mother as a parent on the intake paperwork was not contradicted. As such, the magistrate court's finding that Father knew about Mother's communication issues with the current counseling provider is not supported by substantial and competent evidence.[3]

---

[3] The magistrate court additionally found that Father took "a very laisse [sic] faire position, blaming the school and the counselor for not providing information to the [Mother]" and, as such, Father "likely [committed] a violation of I.C. [§] 32-717A." Idaho Code § 31-717A provides that "[n]otwithstanding any other provisions of law, access to records and information pertaining to a minor child including, but not limited to, medical, dental, health, and school or educational records, shall not be denied to a parent because the parent is not the child's custodial parent." Because there is no information that Father knew of Mother's difficulties in communicating with the

10

**4. The magistrate court's finding that mother is acutely aware of children's medical, emotional, developmental, and educational needs is supported by substantial and competent evidence**

The magistrate court found that Mother "seems to be acutely aware of the children's needs, including medical, emotional, developmental and educational needs" and that this finding weighed in favor of granting Mother primary physical custody of the children. This finding is supported by substantial and competent evidence.

Mother testified to the children's medical, emotional, developmental, and educational needs during the modification trial. She testified that she often responded to the children's medical needs, including ensuring the children had the proper eyeglass prescriptions, treating the children for head lice at least five to six times that went untreated while in Father's care, and providing emergency care when necessary. Mother testified to which classes one of the children liked best in school and explained, based on her own belief and the children's expressed wishes, that in-person school (rather than Father's previous unilateral decision to place the children in online classes) was more beneficial to the children. While Mother did not testify that she was actively involved in or apprised of F.S.'s individualized educational plan, she explained that despite her attempts, school officials refused to communicate with her. She also testified to the importance of the children attending counseling and explained that if granted primary physical custody, she would enroll the children with the counseling provider where she, her husband, and their other children already attend. Additionally, Mother testified to the importance of the children remaining connected to their friends, both in Oregon and Idaho. Taken together, substantial and competent evidence supports the magistrate court's finding that Mother is acutely aware of the children's needs. As such, the magistrate court did not err.

**D. Contrary to *Weaver*, the Magistrate Court's Custody Order Did Not Address How the Modified Custody Order Would Impact the Children's Interrelationship With Father**

Father alleges the magistrate court abused its discretion because its custody order did not provide sufficient, meaningful analysis of how the modification is in the best interests of the children. In support of his argument, Father cites the Idaho Supreme Court's decision in *Weaver*.

---

children's school and counseling provider, there is not substantial evidence that Father denied Mother access to the children's school or counseling records.

In *Weaver*, the Idaho Supreme Court held the best interests of the child analysis requires meaningful analysis regarding how a custody schedule would affect a child's relationship with her parents going forward. In *Weaver*, Lisa and Mark were married and had one minor child. *Weaver,* 170 Idaho at 73, 507 P.3d at 1103. Subsequently, Mark filed for divorce. *Id.* During the pendency of the divorce proceedings, the parties split physical custody of the child on an approximate 60/40 basis, with Mark having custody three out of every four weekends. *Id.* After resolving other issues, the parties proceeded to a one-day bench trial to resolve physical custody, visitation, and child support issues. *Id.* at 73-74, 507 P.3d at 1103-04. Mark requested 50/50 custody, with one week on, one week off. *Id.* at 74, 507 P.3d at 1104. Mark worked 8:00 a.m. to 5:00 p.m. during the week and, under his proposal, the child would attend daycare on weekdays while he worked. *Id.* at 73-74, 507 P.3d at 1103-04. In contrast, Lisa requested custody of the child on weekdays, as well as one weekend out of every three weekends. *Id.* at 74, 507 P.3d at 1104. Lisa worked 20-25 hours per week from home, with complete flexibility to tailor her hours to correspond to the child's schedule. *Id.* at 73, 507 P.3d at 1103.

At the conclusion of the trial, the magistrate court issued an oral decision. *Id.* at 74, 507 P.3d at 1104. The magistrate court discussed many of the factors that guide custody determinations and its preference that the time the minor child spent in daycare be minimized and the time spent with each parent be maximized. *Id.* With this in mind, the magistrate court determined the parties should split physical custody of the minor child on an approximate 60/40 basis, with Mark having custody every weekend, from Thursday to Sunday evenings, with a separate schedule during the summer and holidays. *Id.* The magistrate court did not award Lisa any weekend custody, aside from weekends that fall on the ordered summer and holiday schedule. *Id.* The magistrate court reasoned that this schedule would allow for Lisa to be the "school parent," which the court believed would provide stability for the child. *Id.* Lisa timely appealed and argued the magistrate court abused its discretion by improperly focusing on achieving an equal division of time between the parents and creating an unfair "fun parent"/"responsible parent" dichotomy. *Id.* at 75, 507 P.3d at 1105.

The Idaho Supreme Court held "[c]ustody orders are forward-looking, defining the future relationship between the parties." *Id.* at 78, 507 P.3d at 1108. As such, "[t]he best interests of the child analysis requires more than a bare recitation of the current state of the parents' and child's relationship. Rather, it requires meaningful analysis regarding how the custody schedule ordered

would affect that relationship moving forward." *Id.* at 77, 507 P.3d at 1107. Accordingly, the Court held that a trial court abuses its discretion by not acting within the boundaries of its discretion and inconsistently with applicable legal principles when it does not adequately consider how a custody order would affect a child's interaction and interrelationship with her parents. *Id.* at 76, 507 P.3d at 1106.

The Court further held that the magistrate court failed to consider how the custody order would dramatically reduce the amount of unstructured quality time the child would have with Lisa after the child started school, which the child would do approximately a year after the magistrate court's custody determination. *Id.* The Court found the magistrate court's custody order was not in the child's best interests once the child started school because it would reduce the child's unstructured quality time with Lisa and deprive Mark of the opportunity to interact with the child on school days, impacting the child's interactions and interrelationship with her parents. *Id.* at 77-78, 507 P.3d at 1107-08. Accordingly, the Court found the magistrate court abused its discretion by acting outside the bounds of its discretion and inconsistently with applicable legal principles by failing to adequately consider the statutory factor concerning the child's interactions and interrelationships with her parents once the child started school. *Id.* at 78, 507 P.3d at 1108. The Court reversed the magistrate court's decision and remanded the case for a new custody determination that properly considered the future impact of the custody order on the child's relationship with her parents. *Id.* at 79, 507 P.3d at 1109.

However, recently, in *Gray v. Gray*, ___ Idaho ___, ___ P.3d ___ (October 18, 2022), the Idaho Supreme Court clarified that "*Weaver* was an unusual case and should be limited in its application." *Id.* at ___, ___ P.3d at ___. The Court held that a trial court does not abuse its discretion simply because its custody order creates disparities in the amount of unstructured time the child spends with one parent versus the other; such disparities are likely present in almost every custody agreement. *Id.* However, the Court stressed it is important for trial courts to explicitly consider how the visitation schedule imposed would impact the interaction and interrelationship of the children with their parents. *Id.* at ___, ___ P.3d at ___. The Court found the magistrate court's custody order in *Gray* did not create the exact "fun parent/responsible parent" dynamic at issue in *Weaver*, and the magistrate court in the case provided a thorough analysis of how the order imposed would impact the interaction and interrelationship of the child with his parents. *Id.* at ___, ___ P.3d at ___.

13

Here, the magistrate court's custody order did not create the specific "fun parent/responsible parent" dynamic at issue in *Weaver*, and because of *Weaver's* limited application, we do not conclude the court abused its discretion based solely on the amount of custody time it awarded to each of the parties. Nonetheless, the magistrate court acted outside the bounds of its discretion and inconsistently with applicable legal principles because it did not meaningfully consider how the new custody order would affect the children's interaction and interrelationship with Father in the future.

For more than five years preceding the magistrate court's new custody order, the children have primarily resided with Father, spending every other weekend with Mother during the school year. The magistrate court found that during this time the children have become well-bonded to Father and their step-mother, younger half-sister, and local community, school, and counseling providers in Idaho. The magistrate court found granting Mother primary physical custody would constitute "a radical change" and, conversely, a continued award of primary physical custody with Father would "promote continuity and stability in the children's lives." Nonetheless, the magistrate court granted Mother primary physical custody because Mother showed stability, Father demonstrated a "lack of communication and co-parenting" ability, and the children wish to live with Mother. We note that, as previously articulated, two of the findings underlying the magistrate court's order changing primary physical custody to Mother are not supported by substantial and competent evidence. The magistrate court's decision ordered a custody and visitation schedule that resulted in Father's time with the children being reduced to one weekend every month and the children moving out-of-state.

While ultimately an order granting primary physical custody to Mother may be in the best interests of the children, the magistrate court did not articulate how a schedule granting Mother primary physical custody and moving the children to another state would be in the best interests of the children in the future; specifically how it would impact the children's relationship with Father or the children's stability going forward. Without an analysis of how the custody schedule ordered would be in the future best interests of the children and their interaction and interrelationship with both parents, the magistrate court abused its discretion.

E.     **Neither Party Is Awarded Costs on Appeal**

Father requests costs on appeal. Idaho Appellate Rule 40 awards costs to the prevailing party on appeal as a matter of course. However, when mixed results are reached on appeal, an

14

appellate court may find that neither party is the prevailing party and, as such, decline to award costs. *See Sommer v. Misty Valley, LLC*, 170 Idaho 413, 432, 511 P.3d 833, 852 (2021).

Here, we agree with Father that the magistrate court acted outside the bounds of its discretion and inconsistently with applicable legal principles because it did not meaningfully consider how the new custody order would be in the future best interests of the children or how it would affect the children's interaction and interrelationship with Father in the future. However, we also reject Father's requests for additional factual findings and re-weighing of the evidence and find that only two of Father's four challenged factual findings were not supported by substantial and competent evidence. As such, we find that mixed results were reached on appeal and decline to award costs to either party.

## IV.

## CONCLUSION

We reject Father's requests for additional factual findings and re-weighing of the evidence. Substantial and competent evidence supports the magistrate court's findings that the children wish to live with Mother and that Mother is acutely aware of the children's physical, medical, emotional, and educational needs. However, the magistrate court's findings that Father knew of Mother's difficulty communicating with the children's school and counseling provider are not supported by substantial and competent evidence. Further, the magistrate court acted outside the bounds of its discretion and inconsistently with applicable legal principles because it did not meaningfully consider how the new custody order would affect the future best interests of the children and the children's interaction and interrelationship with Father in the future. As such, the magistrate court abused its discretion in relation to its custody order. We vacate the magistrate court's second judgment of modification and remand for further proceedings consistent with this decision.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.